NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30049 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:17-cr-05314-BHS-1 |
| BRENT LUYSTER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 7, 2020**
Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and CHHABRIA,***
District Judge.

Brent Luyster appeals from a jury verdict convicting him of being a felon in

possession of a firearm and of being a felon in possession of ammunition, both in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court properly denied Luyster's motion to suppress the firearms and ammunition discovered during the officers' search of his residence and the abutting hillside. Even if we assume that the hillside is part of the curtilage of Luyster's home, the officers reasonably performed a "protective sweep"—that is, "a cursory inspection of those spaces where a person may be found." *Maryland v. Buie*, 494 U.S. 325, 335 (1990). The officers had lawful authority to enter Luyster's property to respond to the 911 call and the gunshots. *Cf. Sialoi v. City of San Diego*, 823 F.3d 1223, 1237 (9th Cir. 2016) (explaining that officers' presence must be lawful in order to conduct a valid *Buie* sweep). And upon his arrest on the hillside, Luyster told officers that a militia member was armed with an assault rifle in their general vicinity. That statement undoubtedly "would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene," a concern that extended to the interior of Luyster's house. *Buie*, 494 U.S. at 334; *see United States v. Paopao*, 469 F.3d 760, 766 (9th Cir. 2006). Given their authority to perform this sweep, the officers were also authorized to seize incriminating firearms and ammunition in "plain view." *See United States v. Lemus*, 582 F.3d 958, 964 (9th Cir. 2009).

**2.** The district court did not commit reversible error by admitting evidence

2

that Luyster pistol-whipped the mother of his child prior to being found in possession of firearms and ammunition. This evidence was neither irrelevant nor impermissible bad-acts evidence because the assault was "inextricably intertwined" with the possession offenses. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995); *see* Fed. R. Evid. 401, 404(b). The assault not only immediately preceded Luyster's possession of firearms and ammunition as a temporal matter but also kickstarted a sequence of events that culminated in an armed standoff between Luyster and the officers who responded to the 911 call.

Luyster argues that even if the jury should have been permitted to learn of the assault, the district court unduly prejudiced his defense by admitting extensive evidence regarding the physical harm to and emotional state of the victim. *See* Fed. R. Evid. 403. But even assuming that the district court abused its discretion in this regard, the error did not materially affect the verdict. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005). The evidence of Luyster's guilt on both counts was overwhelming: He fired a gun during the standoff; the arresting officers discovered ammunition in his pants pocket; and a trained canine tracked his scent to a nearby cache of firearms on the hillside. The harmlessness of the putative error is further reinforced by the district court's limiting instruction addressing the proper uses of the assault evidence. *See United States v. Berry*, 627 F.2d 193, 198 (9th Cir. 1980).

3

**AFFIRMED.**